This pro se plaintiff has been before this court on many occasions. See orders of July 10, 1981, 228 Ct.Cl. 750, and December 18, 1981, ante at 697. By this petition, filed May 5, 1981, plaintiff seeks to recover the value of his personal *767 property which was lost when the Government of the Republic of Vietnam (South Vietnam) fell in April 1975. Plaintiff also urges this court to award, as collateral relief, damages for the alleged failure of defendant to provide plaintiff with information pursuant to his Freedom of Information Act (FOIA), 5 U.S.C. §552, requests. On the basis of these two claims, plaintiff seeks a money judgment in the amount of $100,000.
On July 1, 1981, defendant moved to dismiss this action as beyond the jurisdiction of this court. With respect to plaintiffs claim for lost property, defendant maintains that the claim is time-barred, or, alternatively, plaintiffs exclusive remedy lies with the Military Personnel and Civilian Employees’ Claims Act of 1964 (Military Claims Act), 31 U.S.C. §§ 240, et seq., or sounds in tort, an area of law over which this court does not have jurisdiction. Defendant also asserts that this court has no jurisdiction to award sanctions under the FOIA. Plaintiff opposes defendant’s motion and moves for summary judgment. For the following reasons, we grant defendant’s motion to dismiss and deny plaintiffs motion for summary judgment.
Although the pleadings in the instant case shed little, if any, light upon the circumstances surrounding plaintiffs assignment to South Vietnam, it appears that until June 26,1972, plaintiff was on active duty status with the United States Army in Saigon, South Vietnam. From June 1972 until the United States Armed Forces evacuated Saigon in April 1975, plaintiff remained in South Vietnam in a civilian capacity. Because the evacuation forced plaintiff to abandon his personal effects in Saigon, plaintiff asserts that the United States Government is directly responsible for the loss of his property and seeks full compensation.
Defendant maintains that arguably plaintiffs claim could come within the Military Claims Act which provides the exclusive remedy for certain claimants who seek recompense from the Government for their losses. Defendant argues that because the Military Claims Act specifies an exclusive remedy, this court lacks jurisdiction over plaintiffs claim. If, on the other hand, plaintiffs claim is not covered by the Military Claims Act, defendant still asserts that this court lacks jurisdiction because plaintiffs *768 claim for lost or destroyed property sounds in tort. We agree.
Assuming, arguendo, that plaintiff has a claim under the Military Claims Act against the Government on the basis of his active duty service and his civilian employment, the act, as we have said before, clearly provides for an exclusive remedy and, as such, this court lacks jurisdiction over the claim. See order of July 10,1981, Shull v. United States, 228 Ct.Cl. 750. If plaintiffs claim does not come within the statute, plaintiffs claim for loss of property sounds in tort, an area beyond this court’s jurisdiction. 28 U.S.C. § 1491. Therefore, on either ground, plaintiffs claim for the loss or destruction of his property must be dismissed for lack of jurisdiction.
Plaintiffs claim for damages for the Government’s alleged failure to comply with the requirements and purpose of the FOIA evolves from plaintiffs efforts to obtain information from the Departments of State and Defense on satisfying his claim for the lost property. Although styled as collateral relief, plaintiffs claim for damages for alleged Government violations of the FOIA can be properly characterized as a request for sanctions. By its terms, the FOIA specifically commits to the United States District Courts exclusive jurisdiction over requests for sanctions against the Government. 5 U.S.C. § 552(a)(4)(G). As plaintiffs claim for alleged violations of the FOIA is not within this court’s jurisdiction, this claim must also be dismissed.
Accordingly, it is therefore ordered that, on consideration of the record and the parties’ submissions and without oral argument, plaintiffs motion for summary judgment is denied, and defendant’s motion to dismiss is granted.